**Fatimah SIMATUPANG; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74537.

United States Court of Appeals, Ninth Circuit.

Submitted October 28, 2008.*

Filed Nov. 4, 2008.

Curtis F. Pierce, Esquire, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioners.

District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, James Arthur Hunolt, Senior Litigation Counsel, David Schor, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Fatimah Simatupang and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Fatimah's experiences did not rise to the level of past persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 670–73 (9th Cir.2004). Substantial evidence also supports the IJ's finding that Fatimah failed to demonstrate a well-founded fear of persecution because she returned to Indonesia with her child to visit her family and remained with her in-laws until she returned to the United States, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and she could reasonably relocate within Indonesia to avoid problems with her immediate family, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

Because Fatimah failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the denial of CAT relief because Fatimah failed to demonstrate that it is more likely than not that she will be tortured if she returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.